[No. 10545. Department One. July 30, 1912.]

## THE CITY OF HILLYARD, *Appellant*, v. BOARD OF COUNTY COMMISSIONERS OF SPOKANE COUNTY, *Respondent*.[1]

ELECTIONS — ELECTION PRECINCTS — ESTABLISHMENT — STATUTES — CONSTRUCTION. Rem. & Bal. Code, § 7678, in the act entitled an act providing for the organization and government of municipal corporations, which provides that all elections in cities of the third class shall be held in accordance with the general election laws of the state so far as applicable, that the city council shall give notice of such election, etc., and establish election precincts, has reference only to municipal elections, and therefore does not conflict with Rem. & Bal. Code, § 4798, which provides that the county commissioners shall divide the county, including all cities except cities of the first class, into election precincts, based on the number of votes cast at the last general election.

APPEAL AND ERROR — REVIEW — MOOT QUESTION. Upon a controversy between the county commissioners and a city of the third class, over the right of the commissioners to establish election precincts in the city for the purpose of general elections, the supreme court will not, at the instance of the city, determine whether the commissioners' action is binding upon the city as to its municipal elections, as the same is a moot question in which the commissioners have no interest.

[1]Reported in 125 Pac. 363.

Appeal from a judgment of the superior court for Spokane county, Miller, J., entered May 23, 1912, in favor of the defendant, upon an agreed statement of facts, sustaining the action of county commissioners in establishing election precincts. Affirmed.

*Thos. P. Ferry* (*Chas. W. Gillespie*, of counsel), for appellant.

*John L. Wiley* and *O. J. Saville*, for respondent.

PARKER, J.—The plaintiff is a city of the third class situated in Spokane county. It seeks to have annulled and declared void the action of the county commissioners of that county establishing election precincts within its corporate boundaries. From a judgment of the superior court in favor of the validity of the action of the county commissioners, the city has appealed.

The cause was an agreed case in the superior court. On November 11, 1910, the county commissioners established election precincts within the boundaries of the city, acting under the provisions of Laws of 1907, p. 242, Rem. & Bal. Code, § 4798, providing, among other things, as follows:

"The board of county commissioners of each county in the state shall, at their first session after the taking effect of this act, divide their respective counties into election precincts, and establish the boundaries of the same. Such board of commissioners shall designate one voting place in each precinct and each precinct shall contain two hundred and fifty electors or less, based on the number of votes cast at the last general election; but no precinct shall contain more than three hundred electors. If at any election hereafter three hundred or more votes shall be cast at any voting place, it shall be the duty of the inspector in such precinct to report the same to the board of county commissioners, who shall, at their next regular meeting, divide such precinct as nearly as possible so that the new precincts formed thereof shall each contain two hundred and fifty electors, as nearly as practicable: Provided, That in cities of the first class, the duties herein conferred upon the county commissioners shall be per-

formed by the city council of such city; and reports of inspectors herein provided for shall be made to such city council."

This was enacted as an amendment to the general law regulating voting at state and other elections (Laws of 1890, p. 400), the only change being the adding of the proviso relating to cities of the first class. The original act made no exception, in terms, as to the establishing of election precincts by the commissioners in cities or towns. In January and July, 1911, the city passed ordinances establishing election precincts within the city, the boundaries of which precincts did not conform to those theretofore established by the county commissioners. In the passage of those ordinances the city acted under the powers conferred by the general law providing for the organization and government of municipal corporations (Laws of 1890, pp. 131-215), which provides, among other things, relating to cities of the third class, as follows:

"All elections in such city shall be held in accordance with the general election laws of the state, so far as the same may be made applicable, and no person shall be entitled to vote at such election unless he shall be a qualified elector of the county and shall have resided in such city for at least thirty days next preceding such election. The city council shall give such notice of each election as may be prescribed by ordinance, shall appoint boards of election and fix their compensation, and establish election precincts and polling places, and may change the same: Provided, That no part of any ward less than the whole thereof shall be attached to any other ward or part thereof in forming election precincts." Laws of 1890, p. 181, § 110 (Rem. & Bal. Code, § 7678).

It is contended by counsel for the city that the law last above quoted conferring power upon its council to establish election precincts within the city is a special law, in so far as it relates to elections, and that it is therefore not repealed, or its force in any way impaired, by the general election law or amendment thereto above quoted, notwithstanding such

amendment was subsequently enacted. If the law giving the city the power to establish election precincts purported to give power to establish such precincts for the purpose of state and county elections as well as for municipal elections, there would be a conflict in these laws calling for our decision thereon in this case. We are of the opinion, however, that the power given to the city council has no relation to any elections save municipal elections. The act in which the power is found is entitled:

"An act providing for the organization, classification, incorporation and government of municipal corporations, and declaring an emergency." Laws of 1890, p. 131.

We need not now determine the sufficiency of this title to support some provision which might have been made in the body of the act relating to general state or county elections; but we notice the words of the title as throwing light upon the meaning of § 110 above quoted, and as indicating that the election precincts which the council is there given power to establish are precincts for the purpose of municipal elections only. Indeed, we think this is the meaning of that section suggested by its own language, aside from the language of the title and apparent purpose of the act. We conclude that the action of the county commissioners establishing election precincts within the city was within their power, and that such precincts thereby became the legally established election precincts for the purpose of state and county elections.

Some argument is made by counsel touching the question of whether or not the establishing of the election precincts by the county commissioners is binding upon the city for the purpose of its municipal elections. Counsel for the city seek our decision upon this question, to which counsel for the commissioners consent. But it seems to us this calls for our opinion upon a moot question only. We do not see how this could become a subject of controversy between the city and county commissioners. The action of the commissioners can

be given full force and effect as to state and county elections in any event, and what further interest the commissioners have in the matter we are not able to see. Indeed, there is nothing in this record showing that they are demanding more. We think we are not called upon to determine the validity of the city ordinances establishing election precincts, except in so far as such ordinances are claimed to establish such precincts for the purpose of elections other than municipal. When some one having the right so to do challenges the validity of those ordinances as establishing election precincts for purposes of municipal elections by some proceeding in the courts, such question will be entertained.

It is not very clear from the language of the judgment whether or not the trial court intended to decide that the ordinances creating the election precincts are invalid as to municipal elections and the action of the commissioners is valid and binding as to municipal elections. We will assume that that question was not decided, in view of the fact that it would be a moot question in that court as it is here. Thus construing the judgment of the trial court, we are of the opinion that it should be affirmed. In order, however, to render the judgment certain and free from seeming to decide a question not properly in controversy, we direct that the judgment be set aside and a new judgment entered in conformity with the views herein expressed. In view of this disposition of the cause, and that it was submitted as an agreed case, neither party will recover costs in this court.

ELLIS, CHADWICK, GOSE, and FULLERTON, JJ., concur.